Dear Mr. Skyring:
Your request for an Attorney General's Opinion has been forwarded to the undersigned for research and reply. Your question, as I understand it, is:
 (1) If a defendant in an injunction proceeding is ruled into court on a contempt hearing for failure to follow the order of the court, may the court hear the contempt charges and rule on the question or must the court forward the contempt proceedings to the proper district court for consideration. LSA-R.S. 13:4611 (1)(b) states:
 Except as otherwise provided for by law:
 (1) The supreme court, the courts of appeal, the district courts, family courts, juvenile courts and the city courts may punish a person adjudged guilty of a contempt of court therein, as follows:
 (b) For disobeying or resisting a lawful restraining order, or preliminary or permanent injunction, by a fine of not more than one thousand dollars, or by imprisonment for not more than twelve months or both. (Emphasis added)
Through conversations with you and Judge Suzan Ponder, of the Baton Rouge City Court, this office was informed that the main concern of your court was, if a contempt hearing was to be conducted would your court be proper to hear it or should the issue of contempt be heard in the district court? Mainly, if the purpose of the contempt proceeding is punitive it is then considered criminal and therefore should be transferred to the district court. Your question is addressed in Montalvo v. Montalvo, 592 So.2d 904. This case states in pertinent part:
 "the record clearly indicates the court's purpose was punitive rather than to force compliance, the contempt can be considered criminal."
If a Baton Rouge city court judge is to conduct a contempt proceeding with the intention for compliance of its injunctive order, the city court would be proper. If, however, the courts purpose is punitive than it should be transferred to the proper district court where the defendant is afforded all due process requirements of Louisiana Constitution, Article I, Sectin [Section] 17 which authorizes a jury trial in a criminal case where exposure for punishment exceed six months imprisonment.
I hope this opinion has satisfactorily answered your questions. Should you need further assistance please feel free to call.
Yours very truly,
 Richard P. Ieyoub Attorney General
 By: Roland J. Dartez Assistant Attorney General